UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-249-JMS-MJD-04 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHRISTOPHER WILLIAMS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00249-JMS-MJD |
| | ) | |
| CHRISTOPHER WILLIAMS, | ) | -04 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Christopher Williams requests a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Williams's motions are **denied**.

## I. Background

In 2017, Mr. Williams pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 129. According to the presentence investigation report ("PSR"), Mr. Williams participated in a conspiracy to traffic methamphetamine, including arranging for one of his co-defendants to buy two pounds of methamphetamine. Dkt. 110 at 4. He was held accountable for more than five kilograms of methamphetamine. *Id.* The Court imposed a sentence of 276 months of imprisonment and 10 years of supervised release. Dkt. 96. In the course of the prosecution, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. Williams had previously been convicted of a felony drug offense. Dkt. 96. As a result, under the law as it existed at the time, the mandatory minimum sentence he faced was 240 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010, to Dec. 20, 2018). Subsequent, but non-retroactive, changes to § 841 have arguably changed the mandatory minimum

2

sentence that Mr. Williams would face if sentenced today. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Dec. 21, 2018).

Mr. Williams has been in custody since November 2016—that is, for about five-and-a-half years. *See* dkt. 272. According to the Bureau of Prisons ("BOP"), his anticipated release date is August 17, 2036. *See* https://www.bop.gov/inmateloc/ (last visited May 9, 2022).

Mr. Williams filed two pro se motions seeking a sentence reduction. Dkts. 229, 241. Both motions raise the same issues.[1] The Court appointed counsel to represent Mr. Williams, and counsel filed a supporting memorandum. Dkt. 272. Mr. Williams argues that his health conditions (including a history of tuberculosis and being obese) increase his risk of experiencing severe symptoms if he contracts COVID-19. *Id.* He also argues that he would face a lower mandatory minimum sentence if sentenced under today's version of 18 U.S.C. § 841 and that the disparity between the sentence he received and the sentence he might receive if sentenced today is an extraordinary and compelling reason for a sentence reduction. *Id.* The United States file a response in opposition to Mr. Williams's motions. Dkt. 279. Mr. Williams filed a reply. Dkt. 280.

After Mr. Williams's motion was ripe, the Court ordered him to show cause why his motion should not be denied because it was foreclosed by the rationales of the Seventh Circuit's opinions in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). Dkt. 283. He filed a response. Dkt. 285. Thus, his motions for sentence reduction are ripe for review.

---

[1] On October 20, 2020, the Court gave Mr. Williams's counsel seven days to file a notice informing the Court if the two motions raise different issues. Dkt. 254. Mr. Williams's counsel did not file a responsive notice.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Williams's first reason for requesting a sentence reduction—that he would likely receive a shorter sentence if sentenced under today's version of 21 U.S.C. § 841—is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i). *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that the non-retroactive change to the mandatory minimum sentence under 18 U.S.C. § 924 cannot be an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").[2]

---

[2] To the extent that Mr. Williams is arguing that the Court erred in the original sentence it imposed, *see* dkt. 285 at 2, any such error is also not an extraordinary and compelling reason for a sentence reduction. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("A claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.").

That leaves Mr. Williams's other reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his medical conditions. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). In his response to the Court's show-cause order, Mr. Williams implicitly admitted that he is fully vaccinated against COVID-19. *See* dkt. 285 at 4 ("[T]he Court should not take Mr. Williams' vaccination status as dispositive when he is one of the few inmates who could receive significantly less benefit from the vaccine than other healthier inmates due to his obesity and history of tuberculosis."). But he has presented no evidence that he is unable to receive or benefit from the vaccine.[3] Additionally, Mr. Williams "has not presented any evidence establishing that

---

[3] In response to the Court's show-cause order, Mr. Williams cited to a small study from Rome suggesting that people with obesity who receive the COVID-19 vaccine have a "decreased immune response" as compared to people without those conditions. Dkt. 285 (citing https://www.medrxiv.org/content/10.1101/2021.02.24.21251664v1). But that study is not peer-reviewed, *see* https://www.medrxiv.org/content/10.1101/2021.02.24.21251664v1 ("This article is a preprint and has not been peer-reviewed."), and the Court declines to find it sufficient to carry the burden of showing that Mr. Williams cannot benefit from the COVID-19 vaccine. Regardless, that study at best shows that the immune systems of people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions, *id.*, not that the COVID-19 vaccine will fail to protect people with obesity from

he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Mr. Williams has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Given the determination that Mr. Williams has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Williams's motions for sentence reduction, dkts. [229] and [241], are **denied**.

**IT IS SO ORDERED.**

Date: 5/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

---

severe COVID-19 symptoms, which is a key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.