UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

CHRISTOPHER WILLIAMS

Case No. 1:16-cr-00249-JMS-MJD-4

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Mr. Williams filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 306. In a prior motion filed by Mr. Williams, the Court rejected his argument that he established an extraordinary and compelling reason for compassionate release because his prior conviction may no longer qualify as a "serious drug felony" and he might receive a shorter sentence if sentenced today. Dkt. 289 at 4. Mr. Williams re-raises that argument, stating that the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022) now permits consideration of changes in sentencing laws. Mr. Williams also argues that the disparity among courts in granting compassionate release is a basis for granting his motion and that he has significantly rehabilitated himself while in prison. Dkt. 306 at 9-10. The

1

Court concludes that it does not require a response from the United States to resolve the issues raised by Mr. Williams's motion.[1]

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

---

[1] In his motion, Mr. Williams requested the appointment of counsel to represent him in this matter. Dkt. 306 at 11. Mr. Williams does not provide any further information about his need for counsel. There is no statutory authority requiring the Court to appoint defense counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Thus, any request for the appointment of the federal public defender's office is denied.

The Court also finds that Mr. Williams is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Williams has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for appointment of counsel must therefore be denied.

Mr. Williams's first argument—that he might receive a shorter sentence if sentenced today—is unavailing. The Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022) does not affect this Court's prior conclusion that changes in sentencing law are not extraordinary and compelling reasons for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that the non-retroactive change to the mandatory minimum sentence under 18 U.S.C. § 924 cannot be an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). The Seventh Circuit has repeatedly stated that "*Thacker* is unaffected by *Concepcion v. United States*, ––– U.S. –––, 142 S. Ct. 2389, 213 L.Ed.2d 731 (2022), which concerns the circumstances that a district court must consider when resentencing a defendant but does not define the sort of 'extraordinary and compelling' circumstances that justify a lower sentence." *United States v. Williams*, 62 F.4th 391, 392 (7th Cir. 2023). *See also United States v. King*, 40 F.4th 594 (7th Cir. 2022); *United States v. Von Vader*, 58 F.4th 369 (7th Cir. 2023).

The Court also declines to exercise its discretion to find that the fact that Mr. Williams allegedly has a sentence that is longer than other defendants with similar convictions is an extraordinary and compelling reason to grant release. To the extent Mr. Williams is arguing that other courts consider certain facts to be an extraordinary and compelling reason for release, such as changes in sentencing laws, this Court follows the caselaw from the Seventh Circuit. And to the extent that Mr. Williams is arguing that some courts might grant compassionate motions that others would deny, the Court does not consider that to be an extraordinary and compelling reason for release. Courts have discretion when deciding these motions and the fact that other courts might exercise it differently is not extraordinary and compelling.

That leaves Mr. Williams with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Williams has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Williams's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Williams establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

Accordingly, Defendant's motion for compassionate release, dkt. [306], is **denied**.

**IT IS SO ORDERED.**

Date: 4/4/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Williams
Reg. No. 15503-028
USP Lompoc
U.S. Penitentiary
3901 Klein Blvd
Lompoc, CA  93436

All Electronically Registered Counsel